UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERALD M. HOUGHTELING,

        Petitioner,

v.                                                      CASE NO.: 07-12543
                                                         Hon. Patrick J. Duggan

CAROL HOWES,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. §§ 1631 and 2244(b)(3)(A)

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on July 23, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Petitioner Gerald M. Houghteling has filed a *pro se* application for a writ of habeas corpus. In his habeas petition, Petitioner challenges his 1988 state court conviction for first-degree criminal sexual conduct. Petitioner challenged the same conviction in a previous habeas petition, which United States District Judge Gerald E. Rosen dismissed for failure to comply with the one-year statute of limitations. *See Houghteling v. McLemore*, No. 00-71882 (E.D. Mich. Apr. 26, 2001).

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the

petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620 (1998). When a second or successive petition for habeas corpus relief is filed in the district court without Section 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

The Sixth Circuit has not granted Petitioner permission to proceed with the pending habeas petition. Although Petitioner applied to the court of appeals for permission to file a second or successive application for habeas relief in the district court in 2006, the court of appeals dismissed the application for want of prosecution. *See In re Gerald Houghteling*, No. 06-2133 (6th Cir. Nov. 2, 2006). Petitioner's failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 793, 794 (2007) (*per curiam*).

Accordingly,

**IT IS ORDERED**, that the Clerk of the Court shall transfer Petitioner's habeas

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . .

28 U.S.C. § 1631.

petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A).

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copy to:
Gerald M. Houghteling, #197821
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036