UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD M. HOUGHTELING,

                    Petitioner,

v.                                                    CASE NO.: 07-12543
                                                      Hon. Patrick J. Duggan

CAROL HOWES,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on August 8, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Gerald M. Houghteling filed a *pro se* application for a writ of habeas

corpus on June 14, 2007. In his habeas petition, Petitioner challenged his 1988 state court

conviction for first-degree criminal sexual conduct. Petitioner challenged the same

conviction in a previous habeas petition, which United States District Judge Gerald E.

Rosen dismissed for failure to comply with the one-year statute of limitations set forth in

the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Houghteling v.

McLemore*, No. 00-71882 (E.D. Mich. Apr. 26, 2001). On July 23, 2007, this Court

entered an order transferring Petitioner's second petition to the Sixth Circuit Court of

Appeals, as the AEDPA requires a person seeking to file a second or successive habeas

petition to first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). On August 6, 2007, Petitioner filed a motion for reconsideration.

In his motion for reconsideration, Petitioner argues that his June 14, 2007 petition is not a second or successive petition because his earlier petition was dismissed as untimely under the AEDPA. Petitioner argues that such a dismissal is "procedural" and that the Supreme Court held in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645, 118 S. Ct. 1618 (1998), that when a petition is dismissed for procedural reasons, there is no adjudication of the petitioner's claim and a subsequent petition is not a second or successive petition for purposes of Section 2244. *Martinez-Villareal* does not control the present matter.

The petitioner in *Martinez-Villareal* filed a petition raising a claim that had been raised in an earlier petition, but the claim had been dismissed as premature, not on the merits. 523 U.S. at 643, 118 S. Ct. 1621. Contrary to Petitioner's assertion, a dismissal based on the failure to comply with the AEDPA's statute of limitations is a dismissal on the merits. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1065 (7th Cir. 2005) (citations omitted); *see Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Petitioner therefore has not demonstrated a palpable defect in this Court's July 23, 2007 decision.

Accordingly,


**IT IS ORDERED**, that Petitioner's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Gerald M. Houghteling, #197821
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036